# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID M. CHAN, | | CV F 06-1028 AWI DLB HC |
| | Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | | (Doc. 9) |
| D. SMITH, | | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| | Respondents. / | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on August 7, 2006. In his petition, Petitioner argued that he was entitled to be considered for transfer to a halfway house and that the Bureau of Prisons refused to consider his request for a transfer. On November 8, 2006, the Magistrate Judge issued Findings and Recommendations to grant the petition and ordered that Respondent consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in § 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.

On February 5, 2007, Respondent filed the instant motion to dismiss the petition as moot. In his motion, Respondent submits evidence that Petitioner was released via full term release on October 26, 2006 (see Declaration Bobbi Butler, at ¶ 2) and the instant petition is therefore moot

and should be dismissed. Respondent's motion was filed over thirty days ago, and Petitioner has not filed an opposition or otherwise disputed the facts as alleged by Respondent.

Because Petitioner has already been granted the relief he requested and recommended by the Magistrate Judge, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. All pending motions are DENIED as MOOT;

3. The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   May 17, 2007**                              /s/ Anthony W. Ishii
                                                   UNITED STATES DISTRICT JUDGE